FILED BY _____ D.C.

**IN THE UNITED STATES DISTRICT COURT**

05 NOV 23 PM FOR THE WESTERN DISTRICT OF TENNESSEE

2005 SEP 28 PM 3: 56

**WESTERN DIVISION**

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| LAISI OLKADRI LEWIS | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 03-2562 Mi v |
| | * | |
| HANSFORD T. JOHNSON, Acting | * | MOTION GRANTED |
| Secretary of the Navy, | * | JON PHIPPS McCALLA |
| | * | U.S. DISTRICT JUDGE |
| Defendant. | * | NOV. 23, 2005 |
| | | **DATE** |

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT MOTION AND
REPLY TO DEFENDANT'S RESPONSE AND SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS AND**

Plaintiff, by and through his counsel of record, Apperson, Crump & Maxwell PLC and

Kathleen L. Caldwell, replies to Defendant's Response and Supplemental Response to Plaintiff's

Petition for Fees and Costs and respectfully moves the Court for leave to supplement his

previous Motion for Award of Attorney's Fees and Costs. Plaintiff submits that oral argument

would materially assist the Court in resolving the issues raised.

**INTRODUCTION**

Plaintiff filed his Complaint on July 30, 2003, against his employer, the United States

Navy, alleging violations of Title VII. On May 2, 2005, the matter was tried to a jury. The jury

returned a verdict for the Plaintiff on May 9, 2005, finding that the Defendant had subjected

Plaintiff to a hostile work environment. Judgment for Plaintiff was entered on May 10, 2005.

Plaintiff filed a Motion for Award of Attorney's Fees and Costs on May 23, 2005. Defendant

filed a response on June 26, 2005, and a Motion for Leave to File a Supplemental Response on

74

August 11, 2005.  In its Response and Supplemental Response, the Defendant attempts to

minimize the jury's finding that the U.S. Navy discriminated against Plaintiff by focusing its

entire argument on the Plaintiff's testimony concerning his credentials.  Plaintiff recanted his

testimony.  The testimony in question cannot erase or even minimize the fact that the Defendant

was found to have discriminated against Plaintiff on the account of his race and national origin in

violation of Title VII.  As a result of the violations discussed *infra*, Plaintiff is therefore entitled

to the entire amount of attorneys' fees and costs set forth in his Motion and Supplemental Motion

for Award of Attorney's Fees and Costs.

## I.

In his Reply to Defendant's Response to Plaintiff's Petition for Fees, Plaintiff would

respectfully show unto the Court the following:

      1.     The fees and expenses that Defendant in Argument 1 submits are inappropriate, undocumented or unreasonable are fees and expenses that were necessary in pursuing the legal theory of the case and are therefore appropriate and reasonable.

Defendant submits that certain fees and expenses incurred by non-attorneys were

unreasonable.  These consisted of research conducted by a law clerk on the admissibility of a

letter written by M. Bergeron which Plaintiff later sought to introduce as an exhibit at trial, in

addition to time spent researching the internal investigative reports which was also documented

on that particular time entry which Defendant failed to recognize, and the attendance of a law

clerk at a pre-trial conference.  Defendant also submits that the fees incurred for the preparation

of summons by a paralegal and the photocopying by a paralegal were unreasonable.

The Sixth Circuit in *Northcross v. Board of Education of Memphis City Schools*, 611

F.2d 624, 636 (6th Cir. 1979) *cert. denied* 447 U.S. 911 (1980), held that the fact that some of

the attorney's time was spent on pursuing issues on research which were "ultimately

unproductive, rejected by the court, or mooted by intervening events is wholly irrelevant."
District courts are to compensate prevailing parties for "hours expended on unsuccessful research
or litigation, unless the positions asserted are frivolous or in bad faith." *Id.* The research
conducted on the internal investigative reports, including the letter written by M. Bergeron,
although later rejected as an exhibit by the Court, was not frivolous or in bad faith and the time
should therefore be included in the calculation of attorney's fees.

Defendant also disputes the reasonableness of a law clerk's attendance at the pre-trial
conference. The time records reflect that the law clerk prepared many of the pre-trial motions.
Therefore, it was entirely reasonable for the law clerk to attend the pre-trial conference with Ms.
Rasmussen.

In *Northcross*, the Sixth Circuit additionally ruled that, "The authority granted in section
1988 to award a 'reasonable attorney's fee' included the authority to award those reasonable out-
of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in
the course of providing legal services. Reasonable photocopying, paralegal expense, and travel
and telephone costs are thus recoverable pursuant to the statutory authority of § 1988." *Id.* at
639. Decisions on attorney fee awards under Civil Rights Attorney's Fees Awards Act of 1976,
42 U.S.C. § 1988, which is patterned after 42 U.S.C. § 2000E-5(k), are applicable, "with a few
noteworthy exceptions", to cases under Title VII. *Wooldridge v. Marlene Industries Corp.*, 898
F.2d 1169, 1174 n. 8 (6th Cir. 1990); *see also Croushorn v. Board of Trustees of University of
Tennessee*, 518 F.Supp. 9, 30-31 (M.D.Tenn. 1980). The time that the paralegal spent preparing
summons and photocopying was not unreasonable, is normally charged to a fee-paying client in
the course of providing legal services, and is thus recoverable under Title VII. The additional
expenses that Defendant refers to, Jason's Deli, Copies and KLC Miscellaneous, and further

3

submits that Plaintiff should not be compensated for, are also expenses that are normally charged to a fee-paying client, in the course of providing legal services, and should likewise be recoverable under Title VII.

      2.     The hours and expenses associated with issues upon which Plaintiff did not prevail, that Defendant in Argument 2 submits should be reduced, are hours and expenses that involved overlapping factual issues and related legal theories and are therefore related to Plaintiff's successful claims.

The first inquiry in determining whether a plaintiff is entitled to an award of attorney's fees is whether the plaintiff is a "prevailing party." *Jaimes v. Toledo Metropolitan Housing Authority*, 715 F.Supp. 843, 845 (N.D.Ohio 1989)  The Supreme Court has stated, "Under our generous formulation of the term, plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on *any* significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Reed v. Cracker Barrell Old Country Store, Inc.*, 171 F.Supp.2d 751, 754 (M.D.Tenn. 2001) (emphasis added) (quoting *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (internal quotation marks omitted)).  "This does not mean that the party must succeed on all of its claims or on any particular claim, only that the 'plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant.'" *Id.* (quoting *Texas State Teachers Ass'n v. Garland Ind. Schl. Dist.*, 489 U.S. 782, 792 (1989).

On May 9, 2005, the jury returned a verdict in favor of the Plaintiff.  Plaintiff established that Defendant, the U.S. Navy, engaged in an unlawful employment practice of discrimination. The jury did return a verdict in Plaintiff's favor on his Title VII claims of hostile work environment based on his race and national origin.  The hostile work environment claims were significant issues, and the Plaintiff is therefore the prevailing party by virtue of his success on those claims.  Defendant submits that although the Plaintiff is the prevailing party, the fees and

4

expenses associated with Plaintiff's disparate treatment claims, claims against Phillip Evans, claims of violation of 42 U.S.C. § 1981, and retaliation claims are inappropriate or unreasonable since Plaintiff did not prevail on these claims. These claims, however, are related to Plaintiff's successful hostile work environment claims and the time spent on the unsuccessful portions should therefore be included in the calculation of his attorney's fees.

In *Croushorn, supra,* 518 F.Supp. at 30-31, the court adopted a liberal approach in determining what effect a partial victory has on the award of attorney's fees in a Title VII case. The Sixth Circuit held that once it has been determined that the plaintiff is the prevailing party, he is

> entitled to recover attorneys' fees for "all time reasonably spent on a matter." The fact that some of that time was spent in pursuing issues on research which was ultimately unproductive, rejected by the court, or mooted by intervening events is wholly irrelevant. So long as the party has prevailed on the case as a whole the district courts are to allow compensation for hours expended on unsuccessful research or litigation, unless the positions asserted are frivolous or in bad faith.

*Id.* (quoting *Northcross, supra,* 611 F.2d at 636).

*Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983), provides that claims for relief that "involve a common core of facts" or are derived from "related legal theories" cannot be viewed as a series of discrete claims, nor can they when counsel's time is "devoted generally to the litigation as a whole, making it difficult to divide the hours expended." All of Plaintiff's claims in this case, including the unsuccessful ones, were interrelated. The Title VII claims of hostile work environment, disparate treatment and retaliation involved legal theories based on a common core of facts and arose under the same statutory and constitutional provisions. The court in *Jaimes, supra,* 715 F.Supp. at 847, in *dicta* stated that Title VII and 42 U.S.C. § 1981 claims are "virtually identical" claims. As such, the hours and expenses associated with Plaintiff's § 1981 claims should not be reduced. All of Plaintiff's claims, including his claims

5

against Phillip Evans, were related to his successful hostile work environment claims. The attorneys' time was devoted to the litigation as a whole, rather than on specific theories. Pursuant to the Sixth Circuit's holding in *Northcross*, *supra*, the time that the Plaintiff's attorneys spent in good faith on the preparation and pursuit of the unsuccessful claims should not be excluded in computing their fee award.

3.    The work of three attorneys that the Defendant in Argument 3 submits as unreasonable consisted of hours that were reasonably expended on the litigation to result in a positive outcome and were not excessive, redundant, or otherwise unnecessary.

Defendant submits that the duplication of hours among three attorneys was unreasonable. Specifically, Defendant references conferences between Ms. Caldwell and Ms. Rasmussen, depositions and a pre-trial conference that Ms. Caldwell and Ms. Rasmussen both attended, trial preparation with a law clerk and Ms. Rasmussen, a pre-trial conference that Ms. Rasmussen and Ms. Bjorkman both attended, and the trial in which all three attorneys participated.

In *Jones v. Federated Dept. Stores, Inc.*, 527 F.Supp. 912, 920 (D.C.Ohio 1981), an employment discrimination case, the court rejected the defendant's contention that the plaintiff's attorneys' fees should be reduced because two attorneys attended most of the depositions. The court held that the attorneys' efforts were not duplicative and particularly noted that it was not an unusual practice to have two attorneys present at a deposition. *Id.* The Supreme Court noted in *City of Riverside v. Rivera*, 477 U.S. 561, 581 (1986), that defense counsel "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Knopp v. Johnson*, 712 F.Supp. 571, 578 (W.D.Mich. 1989). This is exactly what Defendant is attempting to do. At the two depositions that Defendant referenced in which Ms. Caldwell and Ms. Rasmussen attended, the Defendant also had two licensed attorneys present. Additionally, even though agency counsel did not participate in putting on proof or making

6

arguments, agency counsel attended the trial and provided consultation to the Assistant U. S. Attorney throughout the trial.

In *Reed, supra*, 171 F.Supp. at 758-59, three attorneys contributed to the success of the plaintiff's Title VII retaliation claim. The work of three attorneys was not found to be unreasonable. The plaintiff's litigation team in that case consisted of a supervisory attorney who had extensive experience serving as lead counsel in employment-related suits, the lead trial counsel who had over thirteen years of experience, and an associate attorney with limited experience who handled most of the pre-trial matters. *Id.* at 758. Similarly, Plaintiff's litigation team in the case at bar consisted of three attorneys, each who expended a distinct and reasonable amount of time toward the success of the case. Ms. Caldwell, who served as supervisory counsel, has practiced law for over twenty-three years and has extensive experience serving as lead counsel in employment-related suits. Ms. Rasmussen, who has over ten years of experience, served as lead trial counsel. Ms. Bjorkman, an associate attorney with limited experience, handled most of the pre-trial matters and prepared for and examined witnesses critical to Plaintiff's case.

The time records submitted by Plaintiff's counsel reflect the distinct contribution of each lawyer to the case. The time records do not display any excessive, redundant, or otherwise unnecessary hours. Any duplication that might have occurred during the attorneys' conferences was unavoidable since conferences between attorneys to discuss strategy and prepare for trial are an essential part of effective litigation. The use of more than one attorney in this case was reasonable, was not duplicative, and is not a ground for reducing the hours claimed. Accordingly, the Plaintiff should be awarded fees for the hours that the three attorneys expended on Plaintiff's behalf that resulted in a jury verdict for Plaintiff.

4.    The damages award of $8,000 that the Defendant in Argument 4 submits should substantially reduce the fees and expenses is not the only factor in determining results obtained.

Defendant claims that "Plaintiff obtained a very limited success," and as such, should not be entitled to the total amount of attorney's fees that he is seeking. The Supreme Court has rejected the argument that attorneys' fees must always be proportionate to the size of a damage award. *Rivera*, 477 U.S. at 574 (holding that an award of $245,456.25 in attorneys' fees was not unreasonable merely because the plaintiffs only recovered $33,350.00 in damages). There is "a strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

A monetary award of damages is not the only factor in determining the success of a lawsuit. A plaintiff is deemed to have prevailed despite the absence of a formal judgment in his favor if the lawsuit produces voluntary action by the defendant that affords the plaintiff all or some of the relief he sought through a judgment, e.g., a change in conduct that redresses the plaintiff's grievances. *Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1174-75 (6th Cir. 1990). "Vindication, as adjunct to the Plaintiff's success, must also be deemed a valuable victory." *James v. Runyon*, 868 F.Supp. 911, 916 (S.D.Ohio 1994). Pursuant to the jury's verdict, the Plaintiff in the case at bar prevailed on his claims under Title VII on the basis that the Defendant created a hostile work environment. This verdict was therefore not "a very limited success", and Plaintiff is accordingly entitled to the total amount of attorney's fees that he is seeking.

## II.

In his Reply to Defendant's Supplemental Response to Plaintiff's Petition for Fees, Plaintiff would respectfully show unto the Court the following:

8

Despite the fact that Plaintiff was originally untruthful about his credentials, the jury unanimously returned a verdict in Plaintiff's favor.  Defendant submits that because of this dishonesty, Plaintiff perpetrated a fraud on the Court and that Plaintiff's request for attorney's fees should be denied in its entirety.  Plaintiff's dishonesty, however, was rectified prior to the close of his proof and, therefore, in no way misleading to the jury.  Nor did Plaintiff conspire with his attorneys to present perjured testimony.  It is important to note that the testimony about which Defendant so vigorously complains was not even a material issue in the case.  Plaintiff, therefore, did not perpetrate a fraud on the Court and should not be assessed fees as a sanction.

The American Rule states that a party may not ordinarily recover attorney's fees in the absence of a statute or enforceable contract providing for a fee award. *Shimman v. Int'l Union of Operating Eng'rs*, 744 F.2d 1226, 1229 (6th Cir. 1984).  However, an exception allows Federal Courts to employ their inherent power "to access such fees as a sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, ... as when the party practices a fraud upon the court, ... or delays or disrupts the litigation or hampers a court order's enforcement." *Coleman v. Shoney's*, 2002 WL 1784289, at *2 (W.D.Tenn.), a copy of which is attached hereto as Appendix 1, (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) (internal citations omitted)).  Generally, a litigant is deemed to have perpetrated a fraud on a court when:

> It can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.

*Id.* (quoting *Aoude v. Mobile Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989)).

It is only the most egregious conduct, "such as bribing a judge or members of the jury or fabricating evidence with the collusion of an attorney," that will constitute a fraud on the court.

9

*Id.* "A witness's perjured testimony alone, absent collaboration with an attorney, normally does not constitute a fraud upon the court." *Id.* (citing *Quality Tech. Co. v. Stone & Webster Eng'g Co., Inc.*, 1993 375803, at *3 (6th Cir.); *Fierro v. Johnson*, 197 F.3d 147, 154-157 (5th Cir. 1999) (holding that the false testimony of a witness alone would be insufficient to constitute a fraud on the court); *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 986 (4th Cir. 1987) (holding that fraud on the court may exist where *witness and attorney conspire* to present perjured testimony); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (holding that fraud on the court may exist where party, *with counsel's collusion*, fabricates evidence)).

In the case at bar, Defendant does not assert that Plaintiff conspired with his attorneys to present perjured testimony. Moreover, Plaintiff submitted no misleading evidence to the jury, as Defendant readily admits that there was no requirement that Plaintiff hold a terminal degree for his job. Furthermore, Plaintiff recanted in the presence of the jury prior to its deliberations. It cannot be demonstrated that Plaintiff set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate the matter by improperly influencing the jury. Therefore, the Plaintiff's dishonesty is insufficient to constitute a fraud on the Court.

Defendant fails completely to acknowledge its own culpability in the manner in which the immaterial issue of Plaintiff's lack of a doctoral degree came to the attention of the Court. First, at the very beginning of the trial, Defendant made an issue about not using the honorific "doctor" when addressing Plaintiff. The Defendant did not want to be compelled to address the Plaintiff in an appropriately respectfully manner. Yet, two and one half days later, Defendant disclosed that it had just discovered that Plaintiff had not actually completed the degree requirements for a doctoral degree. This is the same Defendant who the jury found had

subjected Plaintiff to a hostile work environment for the past five (5) years and then, when

Plaintiff finally complained, brought the full power of the United States Government to bear

against him, and now having lost, the Government complains about paying for a battle that it

started. The Government, having also taken its ire out by terminating Plaintiff from his

employment, now seeks to avoid paying attorneys' fees for which it is clearly obligated under the

law to pay. Perhaps, had the U.S. Navy exercised as much control over its work place and the

individuals responsible for the discrimination against Plaintiff as it exercises here, Plaintiff

would not have felt compelled to puff up his credentials to get the respect to which he was

entitled by his peers.

## III.

In support of this Motion for Leave, Plaintiff states the following:

This case that was tried to a jury in May 2005 and on May 10, 2005, a jury verdict was

entered in favor of Plaintiff. Plaintiff filed his Motion for Award of Attorney's Fees and Costs

on May 23, 2005. Defendant filed a response on June 26, 2005, and a Motion for Leave to File a

Supplemental Response on August 11, 2005. Plaintiff files his Reply to Defendant's Response

and Supplemental Response to Motion for Attorney's Fees and Costs herewith and requests

leave to file a supplemental motion to Plaintiff's Motion for Attorney's Fees and Costs adding

attorney's fees and expenses to compensate Plaintiff for time incurred to prepare, brief and

supplement his request for attorney's fees and the costs associated with the testimony of Dr.

Rebecca Caperton. There is no prejudice to the Court or to the Defendant as the Court has not

ruled on Plaintiff's Motion for Attorney's Fees and Costs. Counsel for the Plaintiff has

consulted with opposing counsel in compliance with the Local Rules. Counsel for the Defendant

opposes the instant Motion.

Plaintiff is entitled to recover the additional attorney's fees and expenses expended to prepare, brief and supplement his request for attorney's fees. The Sixth Circuit has recognized that a prevailing party is entitled to recover attorney's fees for the reasonable time expended to obtain an award of such fees. *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986). The following hours have been expended for preparing, briefing, responding and supplementing Plaintiff's request for attorney's fees:

| | |
|---|---|
| Robin H. Rasmussen | $600.00 |
| Emily B. Bjorkman | $2,184.00 |

In addition to attorney's fees, Plaintiff seeks the reasonable out-of-pocket expenses he incurred for preparing, briefing, responding and supplementing Plaintiff's request for attorney's fees, including but not limited to, photocopies, courier charges, computer research, in the amount of $849.18.

Plaintiff also seeks reimbursement of witness expenses incurred for Dr. Rebecca Caperton. Costs incurred by a party to be paid to a third party, not the attorney for the case, such as docket fees, investigation expenses, witness expenses and deposition expenses, have long been recoverable. *Northcross, supra*, 611 F.2d at 639. Plaintiff incurred $2,400.00 in witness expenses incurred for Dr. Rebecca Caperton. Plaintiff therefore seeks an additional award of fees and expenses in the amount of $6,033.18.

## CONCLUSION

Defendant argues that Plaintiff's request for attorney's fees should either be reduced substantially or denied completely. Defendant's supplemental response is based on the premise that Plaintiff's Motion for Award of Attorney's Fees should be denied as a sanction for his willful misconduct. Defendant, however, forgets that the jury unanimously found that it created

a hostile work environment. The Defendant, the United States Navy, who is charged with protecting the freedom of the American people, was found to have discriminated against one of its own employees. Plaintiff was not simply suing a private entity or some random employer. He was suing the U.S. Navy for the intimidating, hostile, and offensive work environment it created. The Defendant is attempting to minimize the fact that it was found to have discriminated against Plaintiff by focusing the entire trial around the Plaintiff's fabrications. The fabrications, however, were just a small piece of a large trial. Further, these fabrications could very have been the result of the hostile work environment that Defendant created and subjected Plaintiff to on a daily basis spanning a period of several years. Despite Plaintiff's dishonesty, it cannot be denied that the jury still unanimously found that Defendant created an intimidating, hostile, and offensive work environment. Consequently, Plaintiff's request and supplemental request for attorney's fees and expenses should therefore be granted in their entirety.

Respectfully submitted,

By: _Robin H. Rasmussen_
    Robin H. Rasmussen (16865)
    Apperson, Crump and Maxwell, PLC
    6000 Poplar Ave., Suite 400
    Memphis, TN 38119
    (901) 756-6300

By: _Kathleen L. Caldwell, by enl_
    Kathleen L. Caldwell (9916)
    Kathleen L. Caldwell, P.C.
    2080 Peabody Avenue
    Memphis, TN 38104
    (901) 274-2075

13

By: _____

Emily B. Bjorkman (23512)
Apperson, Crump and Maxwell, PLC
6000 Poplar Ave., Suite 400
Memphis, TN  38119
(901) 756-6300

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served by U.S. Mail, postage prepaid, to the following:

> Harriett Miller Halmon
> Assistant United States Attorney
> 167 North Main, Suite 800
> Memphis, TN  38103
> (901) 544-4231 - Phone

This the 28th day of September, 2005.

_____
Certifying Attorney

14

# APPENDIX 1



Not Reported in F.Supp.2d                                                                          Page 1

Not Reported in F.Supp.2d, 2002 WL 1784289 (W.D.Tenn.)

**(Cite as: 2002 WL 1784289 (W.D.Tenn.))**

**H**
Only the Westlaw citation is currently available.

United States District Court, W.D. Tennessee,
Western Division.
Candice V. COLEMAN, Kimberley D. Coleman,
Nisa Hawkins Plaintiffs,
v.
SHONEY'S, INC., Defendant.
No. 99-3134-G.

July 9, 2002.

Employees sued employer under Title VII, alleging
racial and sexual harassment. Following entry of
judgment on a jury verdict in favor of the employer,
the employer moved for sanctions. The District
Court, Julia Smith Gibbons, J., held that: (1)
deposition statements by plaintiffs, falsely
indicating that a third party had called an internal
complaint number to report alleged harassing
behavior, did not constitute fraud on the court, and
(2) it was not clear that the statements were made in
bad faith, so as to warrant sanctions.

Motion denied.

West Headnotes

[1] Federal Civil Procedure ⚮2791
170Ak2791 Most Cited Cases
Deposition       statements       by       employment
discrimination plaintiffs, falsely indicating that a
third party had called an internal complaint number
to report alleged harassing behavior, did not
constitute fraud on the court; there was no claim
that the plaintiffs colluded with counsel, and it was
established before trial that neither the plaintiffs nor
the third party called the complaint number, such
that no misleading evidence was presented to the
jury.

[2] Federal Civil Procedure ⚮2791
170Ak2791 Most Cited Cases
Employer in an employment discrimination case
failed to prove that plaintiffs acted in bad faith,
wantonly, or for oppressive reasons when they gave
deposition testimony falsely indicating that a third
party had called an internal complaint number to
report alleged harassing behavior, thus precluding
an award of sanctions; it was unclear whether the
plaintiffs were mistaken or confused in their
assumption that the third party had called the
number on their behalf.

ORDER DENYING DEFENDANT'S
POST-TRIAL MOTION FOR SANCTIONS

GIBBONS, J.

*1 A jury trial was held in this Title VII case from
March 4, 2002, until March 13, 2002. The jury
found that plaintiffs Candice Coleman, Kimberly
Coleman, and Nisa Hawkins were subjected to
racial and sexual harassment while they were
employed at the Frayser Boulevard Captain D's in
Memphis, Tennessee. The jury also determined,
however, that defendant Shoney's Inc. ("Shoney's")
established the elements of its affirmative defense,
and, as a result, no damages were awarded to
plaintiffs. Judgement was entered on March 27,
2002. Currently before the court is a post-trial
motion for sanctions filed by Shoney's on April 8,
2002.

This motion questions deposition testimony given
by plaintiffs concerning whether they or Gloria
Anderson, the mother of Candice and Kimberly
Coleman, called a toll free internal complaint
hotline in order to report the alleged harassing
behavior to which plaintiffs were being subjected at
the Frayser Boulevard Captain D's. Shoney's
argues that plaintiffs should bear reasonable **attorney's fees**
and costs in the amount of $4,579.50 as **sanctions**
for their **bad faith** conduct in this litigation.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 1784289 (W.D.Tenn.)

(Cite as: 2002 WL 1784289 (W.D.Tenn.))

According to Shoney's, plaintiffs gave false testimony under oath in their depositions which caused unnecessary delay and needlessly increased the cost of litigation. Specifically, Shoney's alleges that all three plaintiffs gave false and misleading deposition testimony by stating that Gloria Anderson called the toll free internal complaint number when she did not. According to Shoney's, plaintiffs ultimately had to admit that neither they nor Anderson called the toll free number to report any harassing conduct after Anderson gave conflicting testimony in her deposition that she did not call the toll free number but, instead, testified that she dialed the number for her daughters and that one or both of them left a recorded message. Shoney's asserts that plaintiffs' false testimony made it necessary for it to take the out of town deposition of Juanita Presley, former EEO manager for Shoney's, to prove at trial that neither plaintiffs nor Anderson called the hotline. Shoney's seeks costs and attorney's fees to reimburse it for the expenses and attorney hours devoted to taking Presley's deposition and preparing her for trial.

Plaintiffs aver that they made no intentionally false statements in their depositions and that sanctions are not warranted in this instance. Rather, according to plaintiffs, their deposition testimony reveals simply that they incorrectly assumed Anderson called the internal complaint hotline number when she did not. Additionally, plaintiffs assert that Shoney's took the position at trial that it needed to play Presley's videotaped deposition to the jury for reasons other than establishing that plaintiffs did not call the internal complaint hotline. Thus, plaintiffs argue, it is inconsistent for Shoney's to now contend that it should be awarded attorney's fees because Presley's deposition was taken solely to establish that plaintiffs did not call the hotline.

*2 The Supreme Court stated in *Chambers v. NASCO, Inc.,* 501 U.S. 32, 33, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), that federal courts have an inherent power to manage their own proceedings and to control the conduct of those who appear before them. To punish abusive conduct, a court may use its inherent power to fashion an appropriate **sanction,** including dismissing a lawsuit or

assessing **attorney's fees.** *Id.* This power is within the equity discretion of a district court, *Lichtenstein v. Lichtenstein,* 481 F.2d 682, 684 (3d Cir.1973). Although the American Rule states that a **prevailing party** may not ordinarily recover **attorney fees** in the absence of a statute or enforceable contract providing for a fee award, [FN1] *Shimman v. Int'l Union of Operating Eng'rs,* 744 F.2d 1226, 1229 (6th Cir.1984), an exception to the American Rule allows federal courts to employ their inherent power "to access such **fees as a sanction** when a party has **acted in bad faith,** vexatiously, wantonly, or for oppressive reasons, ... as when the party practices a fraud upon the court, ... or delays or disrupts the litigation or hampers a court order's enforcement." *Chambers,* 501 U.S. at 33 (internal citations omitted).

> FN1. The purpose for the American Rule has been stated as follows:
> The American Rule's failure to fully compensate an injured party is justified by the rationale that "since litigation is at best uncertain one should not be penalized for merely defending or prosecuting a lawsuit, and that the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel ."
> *Shimman,* 744 F.2d at 1229 (citing *Fleishmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967)).

[1] In its motion, Shoney's argues that plaintiffs committed a fraud on the court and that they acted in bad faith, vexatiously, wantonly or for oppressive reasons when they gave false deposition testimony about calling the hotline number. The court first considers Shoney's allegations that plaintiffs' conduct constituted a fraud on the court. As a general rule, a litigant is deemed to have perpetrated a fraud on the court when:
> It can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2002 WL 1784289 (W.D.Tenn.)

**(Cite as: 2002 WL 1784289 (W.D.Tenn.))**

adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense. *Aoude v. Mobile Oil Corp.,* 892 F.2d 1115, 1118 (1st Cir.1989). Generally speaking, only the most egregious misconduct, such as bribing a judge or members of the jury or fabricating evidence with the collusion of an attorney, will constitute a fraud on the court. *Fierro v. Johnson,* 197 F.3d 147, 154 (5th Cir.1999). Less egregious behavior, such as failing to disclose allegedly pertinent facts to the court, usually will not rise to the level of fraud on the court. *Id.* A witness's perjured testimony alone, absent collaboration with an attorney, normally does not constitute a fraud upon the court. *Quality Tech. Co. v. Stone & Webster Eng'g Co., Inc.,* Nos. 92-5434, 92-5628, 1993 WL 375803, at *3 (6th Cir. Sept.23, 1993); *see also Fierro,* 197 F.3d 147, 154-157 (5th Cir.1999) (holding that the false testimony of a witness alone would be insufficient to constitute a fraud on the court); *Cleveland Demolition Co. v. Azcon Scrap Corp.,* 827 F.2d 984, 986 (4th Cir.1987) (holding that fraud on the court may exist where *witness and attorney conspire* to present perjured testimony); *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1338 (5th Cir.1978) (holding that fraud on the court may exist where party, *with counsel's collusion,* fabricates evidence).

*3 In this case, Shoney's does not assert that plaintiffs colluded with their attorneys for the purpose of conspiring to commit a fraud upon the court. Moreover, it was established before trial that neither plaintiffs nor Anderson called the internal hotline. No misleading evidence was presented to the jury on this issue, and, as a result, the jury found in Shoney's favor that it had established the elements of its affirmative defense. Thus, having found no collusion among plaintiffs and their attorneys and no improper influence of the trier of fact, the court concludes that the allegations against plaintiffs, even if true, are insufficient to constitute a fraud on the court.

[2] Next, the court considers Shoney's contention that it should be awarded **attorney's fees** since plaintiffs acted in **bad faith**, vexatiously, wantonly or for oppressive reasons. An action is brought in

**bad faith** when the claim is **entirely** without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons. *Big Yank Corp., v. Liberty Mutual Fire Ins. Co.,* 125 F.3d 308, 313-314 (6th Cir.1997). "A claim is entirely 'without color' when it lacks any legal or factual basis." *Sierra Club v. United States Army Corps or Eng'r,* 776 F.2d 383, 390 (2d Cir.1985) (citing *Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir.1980). In contrast, " '[a] claim is colorable, for the purpose of the bad faith exception, when it has some legal and factual support, considered in the light of the reasonable beliefs of the individual making the claim." ' *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 115 F.Supp.2d 898, 905 (S.D.Ohio 2000) (citing *Nemeroff,* 620 F.2d at 348). In an action that is not itself brought in **bad faith,** however, a court still may award **attorney's fees** limited to any expenses reasonably incurred to counteract the other party's groundless, **bad faith** conduct during litigation. *Browning Debenture Holders' Comm. v. Dasa Corp.,* 560 F.2d 1078, 1089 (2d Cir.1977).

It is indisputable in the instant case that plaintiffs had a colorable claim since the jury, after hearing all the proof at trial, found that plaintiffs were subjected to racial and sexual harassment while they were employed at the Frayser Boulevard Captain D's. Since plaintiffs' action itself was not brought in **bad faith,** the court will consider only whether to award **attorney's fees** limited to the expenses Shoney's reasonably incurred in its attempt to refute plaintiffs' alleged **bad faith** conduct during litigation. The court looks to the relevant deposition testimony to make this determination.

Candice Coleman testified in her deposition that she did not call the toll free hotline number. (C. Coleman Dep. at 35-36.) According to Candice, she was present when her mother was dialing the hotline number, but she "left out" before she heard whether her mother spoke to anyone. *Id.* In response to the question "Did she [Anderson] ever tell you what happened after she called the number?", Candice first responded "No," then said "I believe she said that she left some messages." *Id.* Kimberly Coleman stated in her deposition that her mother told her that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                Page 4

Not Reported in F.Supp.2d, 2002 WL 1784289 (W.D.Tenn.)

**(Cite as: 2002 WL 1784289 (W.D.Tenn.))**

she called the hotline number and left some
messages, but Kimberly never testified to being
present during any of those calls. (K. Coleman Dep.
at 154-155.) Nisa Hawkins testified that she thought
Gloria Anderson called the hotline because Candice
Coleman told her that Anderson had called.
(Hawkins Dep. at 174.) Gloria Anderson stated in
her deposition that she dialed the hotline number
and that one or both of her daughters then left a
message. (Anderson Dep. at 88-89.) Anderson
stated that she did not recall leaving a message
herself. *Id.* Although there are certainly some
inconsistencies in the deposition testimony of all
three plaintiffs and Anderson, is uncertain whether
plaintiffs actually, in bad faith, gave false testimony
or whether they were mistaken or confused in their
assumption that Anderson had called the hotline
number on their behalf. After reviewing the relevant
deposition testimony in this case, the court is
unconvinced that plaintiffs acted in bad faith,
vexatiously, wantonly or for oppressive reasons,
and, accordingly, defendant's motion for post-trial
sanctions is denied.

*4 IT IS SO ORDERED.

Not Reported in F.Supp.2d, 2002 WL 1784289
(W.D.Tenn.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 74 in
  case 2:03-CV-02562 was distributed by fax, mail, or direct printing on
November 28, 2005 to the parties listed.

---

Emily B Bjorkman
APPERSON CRUMP & MAXWELL PLC
6000 Poplar Ave
Ste. 400
Memphis, TN 38119

Robin H. Rasmussen
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Harriett Miller Halmon
167 North Main, Suite 800
Memphis, TN 38103

Kathleen L. Caldwell
LAW OFFICE OF KATHLEEN L. CALDWELL
2080 Peabody Ave.
Memphis, TN 38104

Honorable Jon McCalla
US DISTRICT COURT